

# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| Judge or Division: | Case Number: 1431-CC01239 |
|---|---|
| Plaintiff/Petitioner:<br>AMBER ROUNSEVILLE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD ANDREW BARRY III<br>STE 295<br>1750 S BRENTWOOD BLVD<br>ST LOUIS, MO 63144 |
| Defendant/Respondent:<br>EBENEZER FIRE PROTECTION DISTRICT | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |


EXHIBIT A

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: NELSON PREWITT
Alias:
7918 N FARM ROAD 145
SPRINGFIELD, MO 65803

**COURT SEAL OF GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____9/11/14_____ _____KJ_____
Date                  Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)    Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                        Date                        Notary Public

**Sheriff's Fees**
Summons           $_____
Non Est           $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $   10.00
Mileage           $_____  (_____ miles @ $_____ per mile)
Total             $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) For Court Use Only: Document Id # 14-SMCC-2817    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:14-cv-03451-REL   Document 1-2   Filed 10/22/14   Page 1 of 12
PAGE 3/15 * RCVD AT 9/23/2014 9:51:56 PM [Eastern Daylight Time] * SVR:GIG-FAXII/0 * DNIS:7051 * CSID:417 753 2155 * DURATION (mm-ss):06-33

**1431-CC01239**

Electronically Filed - Greene - September 11, 2014 02:38 PM

IN THE CIRCUIT COURT OF GREENE COUNTY
STATE OF MISSOURI

| | |
|---|---|
| AMBER ROUNSEVILLE, )<br>)<br>)<br>Plaintiff, )<br>) Cause No.:<br>)<br>EBENEZER FIRE PROTECTION ) Division No.:<br>DISTRICT, )<br>)<br>Serve at: )<br>7918 N. Farm Rd. 145 )<br>Springfield, MO 65803 )<br>)<br>AND )<br>)<br>)<br>NELSON PREWITT, in his individual and )<br>official capacity, )<br>)<br>Serve at: )<br>7918 N. Farm Rd. 145 )<br>Springfield, MO 65803 )<br>)<br>Defendants. ) | |

## PETITION

COMES NOW Plaintiff, Amber Rounseville, by and through counsel, and for her Petition against Defendants Ebenezer Fire Protection District ("District") and Nelson Prewitt ("Chief Prewitt"), states as follows.

### PARTIES AND JURISDICTION

1. Plaintiff Amber Rounseville is currently a resident of Taney County, State of Missouri. At all times relevant hereto, Plaintiff has been an "employee" within the meaning of Article 1, Section 29 of the Missouri Constitution and Mo. Rev. Stat. §105.500-510.

2. At all times relevant hereto, the District is and was a fire protection district under

RSMO 321 et seq.

3. At all times relevant hereto, Chief Nelson was the appointed Fire Chief of the District, and he is and was actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the District, and was at all times relevant hereto acting in the scope and course of his appointed position as Fire Chief of the District.

4. Venue in this court is proper in that the acts and occurrences giving rise to Plaintiff's cause of action occurred in Greene County, Missouri.

5. At all times relevant hereto, the District was acting through its designated supervisory agents, officers, employees and representatives, and elected officials, including Chief Nelson, who were acting within the scope and course of their employment and authority, with full knowledge that Plaintiff's well established statutory rights were being violated by its employees, agents, and elected officials.

6. Plaintiff is requesting relief in excess of $25,000.00, thus making jurisdiction proper in this Court.

## COMMON FACTUAL ALLEGATIONS

7. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-6, as if fully set forth herein.

8. Plaintiff was formerly employed as a fire fighter with the District.

9. On or about August 26, 2012, , Battalion Chief Brahm Wilson ("Brahm") of the District began seeking information from International Association of Fire Fighters, Local 152, District Vice President Eric Latimer ("Latimer") regarding potentially unionizing the employees of the District.

Case 6:14-cv-03451-REL   Document 1-2   Filed 10/22/14   Page 3 of 12

PAGE 5/15 * RCVD AT 9/23/2014 9:51:56 PM [Eastern Daylight Time] * SVR:GIG-FAXII/0 * DNIS:7051 * CSID:417 753 2155 * DURATION (mm-ss):06-33

10. On or about August 29, 2012, Latimer came to the District and met with employees to present information regarding IAFF Local 152 ("Union") and the process for unionizing the District's employees, and to answer any questions the employees may have regarding the Union.

11. Latimer was invited to provide this presentation to the employees on August 29, 2012 by Battalion Chief Brahm, who was subsequently shunned by the Chief for doing so. Upon information and belief, Battalion Chief Brahm resigned from his employment with the District due to the anti-union sentiment of Chief Nelson.

12. After Latimer gave his presentation to the employees, Chief Nelson informed the employees, including Plaintiff, that instead of joining the Union, he had purchased them all memberships to the Fire Fighter Association of America, and presented each employee with a membership card.

13. During this same time frame, Chief Nelson told Plaintiff, "I'm not going to let the union come into my fire department. I've spent all these years building this department, I'm not going to let the union come in here and take over."

14. After the meeting on August 29, 2012, Latimer attempted on several occasions to speak with Chief Nelson regarding the interest expressed by some of the District's employees in joining the Union. It was not until mid January of 2013 that Latimer was able to reach Chief Nelson to discuss the unionization of the District.

15. During a telephone conversation in mid January 2013, Latimer spoke to Chief Nelson and informed him that some of the District's employees had expressed interest in joining the Union.

16. Chief Nelson requested that Latimer provide him with information regarding

PAGE 6/15 * RCVD AT 9/23/2014 9:51:56 PM [Eastern Daylight Time] * SVR:GIG-FAXII/0 * DNIS:7051 * CSID:417 753 2155 * DURATION (mm-ss):06-33

Case 6:14-cv-03451-REL   Document 1-2   Filed 10/22/14   Page 4 of 12

unionization of the District's employees, and informed Latimer that he would review the information and "determine if it is best for my employees."

17. Latimer informed Chief Nelson he would get him the requested information, but that it was not Chief Nelson's decision to determine if unionizing was the best decision for his employees, but instead was the employees' decision.

18. In or around February/March of 2014, Chief Nelson promoted a Captain to the position of Assistant Chief.

19. The newly appointed Assistant Chief did not have the necessary qualifications required for the position under the District's Standard Operating Procedures at the time.

20. Upon the promotion of this unqualified individual to the position of Assistant Chief, Plaintiff began polling the District's employees to determine the level of interest in joining the Union.

21. Upon information and belief, Chief Nelson was at all times aware Plaintiff was attempting to discern the level of employee interest in joining the Union, and believed her to be a spokesperson for the Union.

22. During Plaintiff's employment, Chief Nelson, in addition to the aforementioned comments, made the following derogatory comments regarding the Union:

    a. Chief Nelson stated that the Union promoted drinking;

    b. Chief Nelson stated that if the employees of the District were to join the Union, there would likely be pay cuts for the employees;

    c. Chief Nelson's comments regarding unions in general indicated his strong dislike and opposition to employee unions.

23. On or about April 17, 2014, while Plaintiff was on duty, Chief Nelson handed her

a letter from the Board of Directors and stated that the District was terminating her employment.

24. The letter did not provide any reasons for Plaintiff's termination.

25. When Plaintiff asked Chief Nelson why she was being terminated, he told her he did not need to provide her with a reason, and refused to provide her with a reason.

## COUNT I
## VIOLATION OF STATE CONSTITUTIONAL PROVISIONS

26. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1 through 25, as if fully set forth herein.

27. Article I, Sections 8 and 9 of the State of Missouri Constitution grants citizens, including public employees, the rights to freedom of speech and freedom of assembly/association.

28. Article I, Section 29 of the State of Missouri Constitution grants employees" the right to organize and to bargain collectively through representatives of their own choosing." The Supreme Court of Missouri recently confirmed that this right applies to all employees, including public employees. See Independence - National Educ. Association v. Independence School Dist, 223 S.W.3d 131 (Mo. banc 2007).

29. Missouri state law provisions, Rev. Stat. Mo. §105.500, et seq., provide a statutory vehicle through which public employees may assert rights protected by Article I, Sections 8, 9 and 29 of the Missouri Constitution.

30. Because Plaintiff attempted to engage the District's employees in discussions regarding unionization, was considered by Defendants to be a spokesperson for the Union and speaking on matters of public concern, Defendant District and Chief Nelson, individually, separately, and/or jointly, engaged in actions, omissions and decisions, aimed at denying

PAGE 8/15 * RCVD AT 9/23/2014 9:51:56 PM [Eastern Daylight Time] * SVR:GIG-FAXII/0 * DNIS:7051 * CSID:417 753 2155 * DURATION (mm-ss):06-33

Case 6:14-cv-03451-REL Document 1-2 Filed 10/22/14 Page 6 of 12

Plaintiff's free speech, free association, organizing, and collective bargaining rights and protections granted her under law, including, but not limited to harassment and termination and efforts to silence Plaintiff in the exercise of her right to free speech and free association.

31. Upon information and belief, Defendants have also taken actions and made threats aimed at unlawfully preventing and limiting the Plaintiff's rights of free speech and association by making false statements regarding Plaintiff to potential employers.

32. Such actions, omissions, and decisions of the Defendants individually, separately, and/or jointly, are contrary to the declared public policy of the State of Missouri and in violation of Article I, Sections 8, 9, and 29 of the State of Missouri Constitution, and they were designed to cause, have caused, and will continue to cause, the Plaintiff to lose wages, compensation, entitlements, and rights. In addition, these actions, omissions and decisions of the Defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, the Plaintiff to suffer humiliation and harm to her reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which Plaintiff seeks full damages and make whole relief.

33. Such actions, omissions and decision on the part of Defendants individually, separately, and/or jointly, including but not limited to harassment, termination, and efforts to silence Plaintiff, were taken in response to, and in retaliation for, Plaintiff's exercise of her rights under law, including Article I, Sections 8, 9, and 29 of the Missouri Constitution. The grounds and reasons given, if any, by Defendants for their adverse actions and decisions against Plaintiff were false and pretextual, especially in light of the temporal proximity to the Defendants' retaliatory actions and the Plaintiff's exercise of her right to free speech and freedom of association.

PAGE 9/15 * RCVD AT 9/23/2014 9:51:56 PM [Eastern Daylight Time] * SVR:GIG-FAXII/0 * DNIS:7051 * CSID:417 753 2155 * DURATION (mm-ss):06-33

Case 6:14-cv-03451-REL   Document 1-2   Filed 10/22/14   Page 7 of 12

34. Such unlawful actions, omissions, and decisions of Defendants were done in a knowing, willful, wanton, and reckless, and bad faith manner, and which violate clearly established constitutional and statutory provisions and rights of which a reasonable person would have known.

35. Defendants have a pattern and practice of stifling its employees' rights to free speech and freedom of association, as can be seen from the resignation of Battalion Chief Brahm, as aforementioned, who was similarly engaged in exercising his rights to free speech and freedom of association.

36. Plaintiff's speech regarding the Union was not disruptive to the operations of the District.

WHEREFORE, Plaintiff respectfully requests this Court find in Plaintiff's favor as to Count I, as against Defendant District and Chief Nelson, and order Defendants to reinstate Plaintiff's employment, with full back pay, and all benefits and seniority restored, as though she had never been terminated, order Defendants compensate Plaintiff for her emotional distress, order Defendants to pay Plaintiff's attorneys fees to the extent permitted by law, and for such further relief as this Court deems just and necessary under the facts and circumstances of this case.

## COUNT II
## STATE STATUTORY CLAIMS

37. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-36, as if fully set forth herein.

38. Mo. Rev. Stat. Section 105.510 provides, in pertinent part:

> Employees, except police, deputy sheriffs, Missouri state highway patrolmen, Missouri national guard, all teachers of all Missouri schools, colleges, and universities, of any public body shall have the right to form

and join labor organizations and to present proposals to any public body relative to salaries and other conditions of employment through the representative of their own choosing. No such employee shall be discharged or discriminated against because of his exercise of such right, nor shall any person or group pf persons, directly or indirectly, by intimidation or coercion, compel or attempt to compel any such employee to join or refrain from joining a labor organization, except that the above excepted employees have the right to form benevolent, social, or fraternal associations.

39.   Mo. Rev. Stat. Section 105.500, et seq., provides a statutory vehicle through which public employees may protect and enforce their rights specified in this provision to form and join labor organizations, and to present proposals concerning salaries and other employment conditions through the representative of their own choosing, and to be able to exercise these rights without being harassed, discharged, or otherwise discriminated against for doing so.

40.   Because Plaintiff attempted to engage the District's employees in discussions regarding unionization, was considered by Defendants to be a spokesperson for the Union and speaking on matters of public concern, attempted to engage other employees in exercising their rights to join the Union, Defendants individually, separately, and/or jointly, engaged in actions, omissions and decisions, aimed at denying Plaintiff the rights and protections granted her under Rev. Stat. MO. Section 105.510, including, but not limited to, harassment, termination, and efforts to silence Plaintiff, as alleged in this Petition. These actions, omissions, and decisions of Defendants, individually, separately and/or jointly, are contrary to the declared public policy of the State of Missouri and in violation of Mo. Rev. Stat Section 105.510, and they were designed to cause, have caused, and will continue to cause, the Plaintiff to lose wages, compensation, entitlements and rights. In additions, these omissions and decisions of Defendants were designed to cause, have caused, and will continue to cause Plaintiff to suffer humiliation and harm to her reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which Plaintiff seeks make whole relief.

41.   Such actions, omissions, and decisions of Defendants, were taken in response to,

and in retaliation for, Plaintiff's exercise of her rights under Missouri law. The grounds and reasons offered by Defendants for their adverse actions, omissions, and decisions against Plaintiff were false and pretextual, especially in light of the temporal proximity between the exercise of Plaintiff's rights and the Defendants' adverse employment actions, as aforementioned.

42. Such unlawful actions, omissions, and decisions of Defendants, were done in a knowing, willful, wanton, reckless, and bad faith manner, and which violate clearly established constitutional and statutory rights of which a reasonable person would have known.

WHEREFORE, Plaintiff respectfully requests this Court find in Plaintiff's favor as to Count II, as against Defendant District and Chief Nelson, and order Defendants to reinstate Plaintiff's employment, with full back pay, and all benefits and seniority restored, as though she had never been terminated, order Defendants compensate Plaintiff for her emotional distress, order Defendants to pay Plaintiff's attorneys fees to the extent permitted by law, and for such further relief as this Court deems just and necessary under the facts and circumstances of this case.

## COUNT III
## FREEDOM OF ASSOCIATION

43. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-42, as if fully set forth herein.

44. At all times relevant hereto, Plaintiff was actively engaged in exercising her right to freedom of association, under the First and Fourteenth Amendments to the U.S. Constitution.

45. Because Plaintiff attempted to engage the District's employees in discussions regarding unionization, was considered by Defendants to be a spokesperson for the Union and speaking on matters of public concern, attempted to engage other employees in exercising their rights to join the Union, and exercising her own rights to be affiliated with a Union, and at all times relevant hereto held herself out to be engaged in Union activities, and speaking on matters

of public concern, Defendants individually, separately, and/or jointly, engaged in actions, omissions and decisions, aimed at denying Plaintiff the rights and protections granted her under the U.S. Constitution, including, but not limited to, harassment, termination, and efforts to silence Plaintiff, as alleged in this Petition. These actions, omissions, and decisions of Defendants, individually, separately and/or jointly, are contrary to the rights guaranteed by the First and Fourteenth Amendments, and they were designed to cause, have caused, and will continue to cause, the Plaintiff to lose wages, compensation, entitlements and rights. In additions, these omissions and decisions of Defendants were designed to cause, have caused, and will continue to cause Plaintiff to suffer humiliation and harm to her reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which Plaintiff seeks make whole relief.

46.     Such actions, omissions, and decisions of Defendants, were taken in response to, and in retaliation for, Plaintiff's exercise of her rights under the First and Fourteenth Amendments to the U. S. Constitution. The grounds and reasons offered by Defendants for their adverse actions, omissions, and decisions against Plaintiff were false and pretextual, especially in light of the temporal proximity between the exercise of Plaintiff's rights and the Defendants' adverse employment actions, as aforementioned.

47.     Such actions, omissions, and decisions on the part of Defendants, individually, separately, and/or jointly, including but not limited to harassment, termination, and efforts to silence Plaintiff and bar them from engaged in Union activity, were taken under the color of law, and such actions, omissions, and decisions have deprived Plaintiff of her rights, privileges, and immunities secured by the U. S. Constitution and laws in violation of 42 U.S.C. Section 1983, and for which liability and redress exist under 42 U.S.C. Section 1983.

48.     Such unlawful actions, omissions and decisions, as alleged herein, make the Defendants fully liable to Plaintiff, under 42 U.S.C. Section 1983, based on the authority and

actual decisions of the District and Chief Nelson. In addition, such unlawful actions, omissions, and decisions, as alleged herein, were based upon the policymaking and final decision-making authority of the District, and were based on the policy, custom, and practice of the District and Chief Nelson.

49. Such unlawful actions, omissions, and decisions of Defendants, were done in a knowing, willful, wanton, reckless, and bad faith manner, and which violate clearly established constitutional rights of which a reasonable person would have known.

WHEREFORE, Plaintiff respectfully requests this Court find in Plaintiff's favor as to Count III, as against Defendant District and Chief Nelson, and order Defendants to reinstate Plaintiff's employment, with full back pay, and all benefits and seniority restored, as though she had never been terminated, order Defendants compensate Plaintiff for her emotional distress, order Defendants to pay Plaintiff's attorneys fees to the extent permitted by law, and for such further relief as this Court deems just and necessary under the facts and circumstances of this case.

Respectfully Submitted,

LAW OFFICES OF RICK BARRY, P.C.,

By: _____
RICK BARRY, MBE# 25592
MEGEN L. HOFFMAN, MBE #58772
Attorneys for Plaintiff
1034 S. Brentwood Blvd., Suite 1301
St. Louis, MO 63117
Phone: (314) 918-8900
Fax: (314) 918-8901
rickbarry@rickbarrypc.com
megens@rickbarrypc.com

PAGE 14/15 * RCVD AT 9/23/2014 9:51:56 PM [Eastern Daylight Time] * SVR:GIG-FAXII/0 * DNIS:7051 * CSID:417 753 2155 * DURATION (mm-ss):06-33

Case 6:14-cv-03451-REL   Document 1-2   Filed 10/22/14   Page 12 of 12